**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

RONALD NATHANIEL STEWART     :

    Petitioner                      :

v.                                  :   Civil Action No. WDQ-12-925
                                         Criminal Action No. WDQ-04-376

UNITED STATES OF AMERICA     :

    Respondent

******

### MEMORANDUM OPINION

Pending is the Petitioner's Motion to Vacate filed pursuant to 28 U.S.C. §2255 (ECF No. 46), the Government's response (ECF No. 52), and Petitioner's replies. ECF Nos. 53, 55, & 56.

On June 16, 2005, the Court sentenced Stewart to 210 months incarceration after he pleaded guilty to bank robbery, brandishing a firearm in furtherance of a crime of violence and aiding and abetting both offenses. ECF No. 36. Stewart did not appeal. In this case, Stewart's conviction became final when the opportunity to appeal the district court's judgment expired. *See Clay v. United States*, 537 U.S. 522, 525 (2003). This means that Stewart's limitations period began to run in 2005, and expired one year later. *See* Fed. R. App. P. 4. When Stewart filed the Petition on March 26, 2012, the one-year limitations period had already expired.

Petitioner's reliance on *United States v. Taylor*, 767 F. Supp. 2d 441 (S.D.N. Y. 2011) to assert an error in his sentencing is unavailing as he has failed to show a new right recognized by the Supreme Court or assert any new fact in support of his claim.[1] Thus, his motion is untimely under §2255(f).

---

[1] Specifically, Stewart maintains that the 84 month consecutive sentence for use of a firearm was improper as it punished him twice for use of a firearm. ECF No. 46.

On September 19, 2012, Stewart was granted additional time to explain why his motion should not be dismissed as time-barred and whether equitable tolling applied to his filings. ECF No. 54. Stewart asserts in support of equitable tolling that since the Government argued at his sentencing in favor of what he now argues is an improper sentence they have not acted in good faith and he should therefore be entitled to equitable tolling. ECF No. 53. He also argues that the Government breached the plea agreement by imposing a statute of limitations on his right to correct what he argues is an illegal sentence. ECF No. 55. He states the right to challenge his sentence was open ended. *Id.* Stewart is mistaken. As noted, supra, §2255 imposes a one year statute of limitations. Stewart's plea agreement did not waive the limitations period.

As previously explained by this Court, to be entitled to equitable tolling, the Petitioner must establish that either some wrongful conduct by Respondent contributed to his delay in filing his Motion to Vacate, or that circumstances beyond his control caused the delay. *See Harris v. Hutchinson*, 209 F. 3d 325, 330 (4th Cir. 2000). "[A]ny resort to equity must be reserved for those rare instances where . . . it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Id.*

Petitioner fails to establish factors warranting equitable tolling of the statute of limitations. To the extent the Petitioner is claiming he was not aware of his right to file a motion to vacate or was operating under the misconception that he had unlimited time to challenge his sentence, his mistaken beliefs are not circumstances beyond his control. *United States v. Sosa*, 364 F. 3d 507, 512 (4th Cir. 2004) (ignorance of the law even for pro se litigant is insufficient).

Having concluded that the Motion to Vacate was filed beyond the statute of limitations, the Court will dismiss the motion as untimely.

In addition to the above analysis, a certificate of appealability must be considered. Unless a certificate of appealabilty ("COA") is issued, a petitioner may not appeal the Court's decision in a § 2255 proceeding. *See* 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b). A COA may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (citation and internal quotation marks omitted), or that "the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). The denial of a COA does not preclude a petitioner from seeking permission to file a successive petition or from pursuing his claims upon receiving such permission. Because the Petitioner has not made a substantial showing of the denial of his constitutional rights, this Court will not issue a COA.

A separate Order follows.

Date: November 27, 2012

William D. Quarles, Jr.
United States District Judge