IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

RONALD NATHANIEL STEWART,
    Petitioner,
v.

UNITED STATES OF AMERICA
    Respondent.

\*

\* Civil Action No. WDQ-13-3570
   Criminal Action No. WDQ-04-376

\*

\*\*\*\*

MEMORANDUM

On June 16, 2005, the Court sentenced Ronald Nathaniel Stewart ("Stewart") to 210 months in the Bureau of Prisons on counts of bank robbery and use of a firearm in violation of 18 U.S.C. §§ 2113(d) and 924(c). Judgment was entered on June 17, 2005. No appeal was filed.

Stewart filed his first motion to vacate on March 26, 2012. *See United States v. Stewart*, Criminal No. WDQ-04-376 (D. Md.) at ECF No. 47. Subsequent to briefing by the parties, the motion was denied as time-barred on November 27, 2012. *Id.* at ECF Nos. 57 & 58. Stewart filed a motion to alter judgment and motions for reconsideration, which were denied by the Court. *Id.* at ECF Nos. 59 & 62-66. A notice of appeal was filed on May 10, 2013. The United States Court of Appeals for the Fourth Circuit dismissed the appeal and denied a certificate of appealability on September 27, 2013. *See United States v. Stewart*, --- Fed. App'x. ----, 2013 WL 5397401 (4th Cir. 2013).

On November 22, 2013, the Court received for filing Stewart's second motion to vacate. *See United States v. Stewart*, Criminal No. WDQ-04-376 (D. Md.) at ECF No. 74. He raises a claim under *Descamps v. United States*, 133 S.Ct. 2276 (2013),[1] which he argues "narrowed the

---

[1] *See Descamps v. United States*, — U.S. —, 133 S.Ct. 2276 (June 20, 2013) (clarifying the test for determining whether a prior conviction constitutes a violent felony under the "residual clause" of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(2)(B)(ii). Federal sentencing courts may no longer apply a

interpretation of burglary as a violent felony" under 18 U.S.C. § 924(e).

The dismissal of Stewart's first § 2255 motion as time-barred constitutes an adjudication of that motion on the merits. *See Villanueva v. United States*, 346 F. 3d 55, 61 (2d Cir. 2003). This recent motion is undoubtedly a successive § 2255 challenge to Stewart's conviction and may not be considered absent leave to do so from the Fourth Circuit. *See* 28 U.S.C. §§ 2244(b)(3)(A) & 2255; *In re Avery W. Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997) (*en banc*). Under 28 U.S.C. § 2255:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain–(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

There is no showing Stewart has filed for and received certification from the Fourth Circuit. Consequently, this Court may not consider the merits of his claim.

The United States Court of Appeals for the Fourth Circuit has set forth instructions for filing a motion to obtain an authorization order. The procedural requirements and deadlines for filing the motion are extensive. The Clerk will provide Stewart a packet of Fourth Circuit instructions which address the comprehensive procedure to be followed should the petitioner seek authorization to file a successive petition. It is emphasized that Stewart must file his pleading with the Fourth Circuit Court of Appeals and obtain authorization to file his successive petition before this Court may examine his claims.

---

"modified categorical approach" to determine whether prior offense was a violent felony when the crime has a single, indivisible set of elements). The Supreme Court has not, however, declared *Descamps* retroactive on

2

Stewart has no absolute entitlement to appeal the denial of his § 2255 motion. *See* 28 U.S.C. § 2253(c)(1). A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. *Id.* at §2253(c)(2). Stewart "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke,* 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" *Miller-El v. Cockrell,* 537 U.S. 322, 335-36, (2003) (quoting *Barefoot v. Estelle,* 463 U.S. 880, 893 n. 4 (1983). The Court declines to issue a certificate of appealability because Stewart has not made the requisite showing. A separate Order follows.

Date: December 3, 2013

William D. Quarles, Jr.
United States District Judge

---

collateral review.