IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

RONALD NATHANIEL STEWART,     *

     Petitioner,     *

                                   Civ. Action No. 16-2355

     v.     *     Crim. Action No. 04-0376

UNITED STATES OF AMERICA,     *

     Respondent.     *

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

## **MEMORANDUM OPINION**

On November 14, 2004, Petitioner Ronald Nathaniel Stewart ("Petitioner" or "Stewart") pled guilty to bank robbery, in violation of 18 U.S.C. § 2113(d), and brandishing a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c). During Petitioner's sentencing hearing, this Court found that Petitioner's two prior Maryland convictions for robbery with a dangerous weapon constituted "crimes of violence" under United States Sentencing Guideline (U.S.S.G.) § 4B1.2(a) and accordingly Petitioner was a career offender under U.S.S.G. § 4B1.1. (ECF No. 94.) Petitioner was then sentenced to a term of two-hundred and ten (210) months imprisonment. (ECF No. 36.)

Eleven years later, the Supreme Court in *Johnson v. United States*, __ U.S. __, 135 S. Ct. 2551 (2015) struck down the residual clause of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(2)(B)(ii) as unconstitutionally vague. The Office of the Federal Public Defender (OFPD) then filed a motion on behalf of Petitioner under 28 U.S.C. § 2255, arguing that because the "Career Offender" provision in the Sentencing Guidelines includes

the identical residual clause as that struck down in *Johnson*, it is also void for vagueness. (ECF No. 91.)

In 2017, however, the Supreme Court held in *Beckles v. United States*, __ U.S. __, 137 S. Ct. 886 (2017) that the advisory guidelines were not subject to *Johnson* challenges. Subsequent to that decision, the OFPD informed Petitioner that in light of *Beckles* it would no longer be able to represent him. On February 23, 2018, the OFPD filed a Motion to Withdraw as Counsel (ECF No. 92), which this Court granted. (ECF No. 93.)

Pending before this Court is Petitioner's Motion to Correct Sentence Under 28 U.S.C. § 2255. (ECF No. 91.)[1] The parties' submissions have been reviewed, and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2016). For the reasons stated herein, Petitioner Stewart's Motion to Correct Sentence Under 28 U.S.C. § 2255 (ECF No. 91) is DENIED.

## ANALYSIS

Petitioner's only claim is that under *Johnson*, the residual clause that this Court applied while sentencing Petitioner is void for vagueness. Therefore, this Court must determine whether Petitioner's prior Maryland convictions qualify under the remaining "enumerated offenses" clause or "force" clause of U.S.S.G § 4B1.2(a).

As the OFPD stated in its Motion to Withdraw as Counsel, however, in light of *Beckles* this argument is without merit. As the *Beckles* Court stated, "[b]ecause the advisory Sentencing Guidelines are not subject to a due process vagueness challenge, § 4B1.2(a)'s

---

[1] Also pending are Petitioner's two Motions for Leave to Supplement Informal Brief (ECF Nos. 83, 86), filed in 2014 and 2015. These Motions pertained to Petitioner's prior § 2255 (ECF No. 80), which this Court denied as a successive petition. Accordingly, these Motions (ECF Nos. 83, 86) are MOOT.

residual clause is not void for vagueness." 137 S. Ct. at 897. For this reason, Petitioner's pending Motion to Vacate (ECF No. 91) is DENIED.

## CONCLUSION

For the reason stated above, Petitioner Stewart's Motion to Correct Sentence Under 28 U.S.C. § 2255 (ECF No. 91) is DENIED.

Pursuant to Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. § 2255, the court is required to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability is a "jurisdictional prerequisite" to an appeal from the court's earlier order. *United States v. Hadden*, 475 F.3d 652, 659 (4th Cir. 2007). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where the court denies petitioner's motion on its merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find the court's assessment of the constitutional claims debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). Because reasonable jurists would not find Stewart's claims debatable, a certificate of appealability is DENIED.

A separate Order follows.

Dated:        May 11, 2018

_/s/_____

Richard D. Bennett
United States District Judge